IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHELSA MCCLENDON**                                                                        **PLAINTIFF**

v.                                   Case No. 4:25-CV-576-JM

**LANDERS CHRYSLER DODGE JEEP
RAM and ALLY BANK**                                                                        **DEFENDANTS**

## ORDER

Pending are Defendants' Motions to Dismiss (Doc. 16 & 19). Plaintiff has responded. (Doc. 21). For the reasons set out below, the motions are GRANTED. This case is DISMISSED.

### I.   Background

In March 2024, Plaintiff Chelsa McClendon jointly purchased a car with Jason Burnett from LL Glenn Plaza Loop LLC d/b/a Landers Chrysler Dodge Jeep Ram ("Landers). The contract, signed by both McClendon and Burnett set out the following: (1) used 2021 Ford Escape (VIN # FMCU0F65MUA26021); (2) annual percentage rate of 17%; (3) finance charge of $15,477; (4) financed amount of $24,129; (5) total payments of $39,606; (6) total price of $39,606; and (7) monthly payments of $528.08 over 75 months beginning on April 19, 2024. (Doc. 17-1). In bold the contract plainly stated, "NO COOLING OFF PERIOD – State law does not provide for a 'cooling off' or cancellation period for this sale." (*Id*.). The parties also agreed to an optional GAP contract as well as a Mechanic Agreement Vehicle Service Contract. (Doc. 17-1 & 17-2).

In July 2024, Plaintiff attempted to rescind the contract alleging (1) she was not informed of her right to rescind, (2) fees were not disclosed, (3) and by revoking her own power of attorney – essentially alleging she had no authority to sign her own name. (Doc. 2 at 12-13; Doc. 13 at 3). In response, Landers reiterated the terms of the contract and explained that Plaintiff's interpretation

of Regulation Z and the Truth in Lending Act ("TILA") had no basis in law or fact. (Doc. 2 at 14–15; Doc. 17-3).

Plaintiff filed this suit, erroneously relying on federal criminal statutes, alleging she had been subjected to fraud. (Doc. 2; Doc. 13). She seeks the cancellation of the credit agreement, restitution for installment payments, damages, and retention of the car. (Doc. 13 at 8).

## II.     Discussion

The facts and legal reasoning set out in Defendants' brief (Doc. 17) is adopted in full. Defendants correctly point out that the federal criminal statutes do not provide Plaintiff a private right of action. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff's assertion of fraud fails on its face as the terms of the contract and financing were plain. And Plaintiff's interpretation of Regulation Z and TILA is, in short, incorrect. Neither the contract nor these regulations provided Plaintiff a right to rescind a motor vehicle contract. Her attempts to shoehorn her argument to fit within the law by arguing that her car is legally considered a "dwelling" is unfounded and rejected. (Doc. 21)

## III.    Conclusion

For the reasons set out above, Defendants' Motions to Dismiss (Doc. 16 & 19) are GRANTED. This case is DISMISSED.

IT IS SO ORDERED this 22nd day of October, 2025.

_____
UNITED STATES DISTRICT JUDGE